**F I L E D**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-50867
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RONALD F. RICHARDSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-105-ALL
USDC No. SA-01-M-263-ALL
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ronald Richardson appeals from a conviction for theft of Government property in violation of 18 U.S.C. § 641.  Richardson argues that the evidence was insufficient to support a finding that he intended to steal the merchandise from the military base exchange (PX).  He contends that the evidence equally supported a finding of guilty and innocence.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The standard of review for his sufficiency challenge is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). The Government was required to show that Richardson intended to steal the merchandise. See 18 U.S.C. § 641; United States v. Aquilar, 967 F.2d 111, 112 (5th Cir. 1992). Circumstantial evidence is sufficient to establish criminal intent. See United States v. Haas, 171 F.3d 259, 265-66 (5th Cir. 1999).

The testimony from two PX security personnel established sufficient evidence to allow the jury to infer Richard's intent to steal the merchandise. Richardson introduced no evidence in support of his theory that a friend had intended to take the item from him and put in on lay-away. From the circumstantial evidence introduced through the testimony of the PX personnel, the jury's finding of guilt was reasonable and not subject to the Richardson's argument of equipoise. The judgment of the district court is AFFIRMED.